IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:26-CV-80050

LOW SPEED LIVING, LLC,
A Florida limited liability company,

 Plaintiff,

vs.

GULF COAST CUSTOM CARTS, INC., a
Florida corporation, and BCPC HOLDINGS
INC., a Florida corporation,

 Defendants.
_____/

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendants, Gulf Coast Custom Carts, Inc ("Gulf Coast") and BCPC Holdings, Inc. ("BCPC," together with Gulf Coast, "Defendants"), through undersigned counsel, hereby move to dismiss Plaintiff's, Low Speed Living, LLC ("Plaintiff," collectively, with Defendants, the "Parties"), Complaint ("Motion"), and, in support of this Motion, Defendants state as follows:

**INTRODUCTION**

The Complaint should be dismissed because it fails to specifically allege vital elements of the claims it brings, including failing to define and or plausibly allege ownership of the common law trademarks rights at issue. The Complaint also fails to allege specific non-conclusory factual content as to the when, where, what or how of the asserted infringement.

For example, the Complaint includes only a single generalized date of first use for a number of unrelated categories and types of goods and services, alleges no specifics of its use as to those goods and services, and includes no details about the geographic extent of the use of the marks or dates of first use in each geographic area. Without the benefit of a federal trademark registration,

1

or even a State of Florida trademark registration, the failure to include the threshold facts renders the claims infirm and subject to dismiss.

Even where some facts are alleged, the photographs included in the Complaint negate the allegations of use of "LOW SPEED LIVING" and "CART LIFE" in so much as the use shown in the Complaint appears, on its face, to be non-trademark or merely decorative use.

As further elaborated below, Plaintiff's Complaint should be dismissed.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(1)(2). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough factual allegations to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

Yet, a complaint "must contain something more… than… a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. "The Rule…demands more than an unadorned, conclusory accusation of harm." *Wiand v. Wells Fargo Bank, N.A.*, 938 F.Supp.2d 1238, 1242-43 (M.D. Fla. 2013) (citing *Iqbal*, 556 U.S. 662, 678

(2009)). Courts are not bound to accept a plaintiff's legal conclusions "couched as [] factual allegation[s]" as true. *Id.*; *see also Franklin v. Curry*, 738 F. 3d 1246, 1251 (11th Cir. 2013).

## **MEMORANDUM OF LAW**

### I. **The Complaint Lacks Certain Information Vital to the Assertion of Trademark Rights and Infringement.**

In order to bring a claim for infringement of an unregistered trademark, a Plaintiff must allege ownership, validity, and prior use "in a particular geographic market" for each set of goods or services in connection with the mark is used. *See Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1022-23 (11th Cir. 1989). Ownership of a mark is defined by its uses, including first use, the goods it is used in conjunction with, and the geographic area of use. *Id.* at 1023 ("The first to use a mark on a product or service in a particular geographic market, the senior user, acquires rights in the mark in that market.) (citing *Junior Food Stores of W. Fla. v. Junior Food Stores, Inc.*, 226 So. 2d 393, 396 (Fla. 1969)).

"Prior use in commerce" claims, such as Plaintiff's claims herein, require evidence of: (1) adoption and (2) "use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." *Domond v. PeopleNetwork APS*, 748 F. App'x 261, 263 (11th Cir. 2018)(quoting *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1195 (11th Cir. 2001)). In other words, Plaintiff must plausibly allege trademark use, which is legally and factually distinct from other forms of use such as merely decorative use of the phrase or logo at issue. *See TWD, LLC v. Grunt Style LLC*, 598 F. Supp. 3d 676, 687 (N.D. Ill. 2022); Trademark Manual of Examining Procedure ("TMEP") § 1202.03

      a.   <u>Complaint fails to allege facts establishing priority as to each product or service asserted.</u>

To establish ownership rights in the marks asserted, Plaintiff must show priority of use in commerce for each of the types of goods asserted. "[F]irst use of a mark does not give the owner exclusive rights over the mark 'as to all goods or services and across all markets,'" *Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Co.*, 897 F.3d 413, 418 (2d Cir. 2018) (considering over 30 years of merchandising use supporting a beer trademark to establish priority in use of the mark for apparel). A senior user of a mark does not preserve priority as to expansion into unrelated goods and services. *Id.* The Complaint alleges, in conclusory and summary fashion, that the Plaintiff has common law rights in each of the marks at issue from "as early as January 2023" as to a wide swath of unrelated goods and services without providing a timeline of expansion of product or any further specificity. The Complaint asserts without underlying fact that at some point in January of 2023, the company began using the two phrases "LOW SPEED LIVING" and "CART LIFE" as trademarks for a variety of unrelated products including everything from golf cart customization services to barbeque supplies. Specifically, the complaint alleges the following uses "from as early as January 2023":

> LOW SPEED LIVING: "custom golf carts; golf cart manufacturing, maintenance, and servicing services; online retail store services; stickers and decals; distribution services related to golf cart parts and accessories; coolers, barbecue supplies, and outdoor living equipment; and, clothing items and accessories"

> CART LIFE: "multimedia production services; clothing items including, inter alia, t-shirts, hats, hoodies and sweaters, flags, and accessories; golf cart accessories such as, inter alia, powered low speed caution triangles; and, golf cart parts including, inter alia, parts necessary to build, maintain, and customize golf carts"

Complaint at ¶¶ 23 and 28. The Court is not required to accept Plaintiff's conclusory, general pleading that trademark use of "LOW SPEED LIVING" and "CART LIFE" began simultaneously for coolers, apparel, and golf cart parts, among other unrelated products. By stating a general date of first use, and without alleging the specific date of first use for any of the goods and services

asserted, the Plaintiff fails to show they have any specific ownership right. Further, this generalized pleading has deprived Defendants of the ability to determine for themselves whether their use was after first use by the Plaintiffs and to otherwise adequately respond.

    b.    <u>Complaint fails to allege Geographic limitation of use as necessary to establish ownership of common law marks.</u>

"A senior user's rights are geographically limited to only those territories in which it actually uses its mark or into which it might naturally expand." *Tally-Ho, Inc.*, 889 F.2d at 1023. Indeed, "those who subsequently use the same or a similar mark on similar products or services, so-called junior users, may also establish common law rights to the very same mark" in different geographic areas and "[t]he senior user may only enjoin such uses that infringe upon its prior rights." *See Main St. Assocs. v. Main St. United States*, No. 6:05-cv-1755-Orl-19DAB, 2006 U.S. Dist. LEXIS 109603, at *20 (M.D. Fla. Feb. 7, 2006). In order to establish its rights and assert its cause of action, "[a]t a minimum, Plaintiff must establish a level of use in the ordinary course of business **in a particular geographic** area sufficient to acquire rights in the mark". *Id*. (emphasis added). General statements of geographic scope are insufficient to establish common law trademark rights. *Id*. at *20-21.

Plaintiff fails to meet its pleading requirement which required it to plead factual content supporting market penetration sufficient to establish common law rights. Without specific factual allegations, claiming to be "nationally recognized" is not a plausible allegation of nation-wide ownership of any mark, and is the sort of generalized statement of geographic scope that courts reject as insufficient. *Id*. Accordingly, each of Plaintiff's claims based on prior use should be dismissed for failure to state a claim.

  c. <u>Complaint fails to allege specifics of the use of the marks in conjunction with any type of good asserted.</u>

As discussed more fully herein, Plaintiff has failed to adequately explain its uses of the marks in connection with particular products. Accordingly, in absence of trademark use, the Court cannot determine whether Plaintiff has any ownership interest in the asserted marks for many of the types of goods and services asserted. See e.g. *Excelled Sheepskin & Leather Coat Corp.*, 897 F.3d at 418 ("To be sure, the senior user of a mark does not preserve its priority as to expansion into other unrelated goods or services").

Instead of specific assertions of use, the Complaint relies upon generalizations of public awareness unsupported by alleged fact. The Complaint relies upon opinion and rhetoric like "meteoric rise" to fill the gap where viewership, readership, and actual sales numbers would be expected.

This deprives the Defendants of notice and from adequately responding to the allegations. Failing to plead a date of first use and geographic area of use for each class and category of goods and services asserted, and to allege use of each of these products sufficient to clearly establish what rights are alleged to be held by the Plaintiff fails to plausibly allege ownership and is therefore fatal to the complaint.

**II.** <u>**Complaint fails to allege use constituting Trademark use as necessary to establish ownership of the marks.**</u>

"Use" supporting trademark rights is a *trademark* use, i.e. one that is not ornamental but rather one which conveys meaning about the source of the goods. This requires the mark to be on the goods, or used to advertise the services asserted, and is not merely a decorative feature. *See* Fla. Stat. § 495.181; 15 U.S.C. § 1127; TMEP 1202.03. The Complaint's allegations fail to describe uses for each of the marks and types of goods asserted to meet this standard.

    a.    <u>No trademark use of "LOW SPEED LIVING" is alleged.</u>

The Complaint includes no facts supporting trademark use of "Low Speed Living" except for in connection with its alleged use on golf carts – just one of a sprawling list of goods/services that Plaintiff conclusory alleges to have rights in. Specifically, the only facts (as opposed to mere conclusory allegations) of use "LOW SPEED LIVING" alleged in the Complaint relate to a magazine article makes no actual mention of "Low Speed Living." (D.E. 1, ¶22). What that article does show is a photograph of one of Plaintiff's golfcarts with a decal on the front that reads "Low Speed Living." However the allegations relating to Defendants' use of "LOW SPEED LIVING" do not include any factual allegations of use of "LOW SPEED LIVING" in connection with any other goods or services.

Plaintiff tries to bolster its conclusory allegations by pleading the existence of a website "lowspeedliving.com." (D.E. 1, ¶42). However, mere domain name use is not trademark use. *See SMS Audio, LLC v. Belson*, No. 9:16-cv-81308-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 235329, at *15 (S.D. Fla. Apr. 24, 2017) (considering an alleged infringer's use in commerce on a § 1114 claim).

Based on the facts asserted within the complaint, Plaintiff has not pled facts establishing entitlement to any trademark protections as to "LOW SPEED LIVING." Accordingly, Counts III, IV, VII, VIII, XI, and XII must be dismissed.

    b.    <u>The lack of specificity of use as to the various goods under the "CART LIFE" mark fails to allege use as required to establish ownership.</u>

A use is trademark use when it is bona fide commercial use, not ornamental or merely for the purpose of reserve a right in a mark. Bona fide uses include placing the mark on packaging. In other words, the mark is a source identifier, rather than an aesthetic feature of the goods. Use is trademark use where it performed "the trademark function of identifying the source of the

merchandise to the customers." *TWD, LLC v. Grunt Style LLC*, 598 F. Supp. 3d 676, 687 (N.D. Ill. 2022) (citing *Edsal Mfg. Co. v. Vault Brands, Inc.*, 2012 U.S. Dist. LEXIS 163479, 2012 WL 5558849, at *4 (N.D. Ill. 2012)).

On the other hand, use of a slogan or would-be mark is ornamental where it is merely part of the "whole of the ornamentation of an article of clothing" *Id.* (quoting *Tovey v. Nike, Inc.*, 2014 U.S. Dist. LEXIS 93901, 2014 WL 3510975, at *8 (N.D. Ohio 2014)). Prominent display of a mark, for example the center of the top-half of a shirt, which lacks secondary meaning as a source identifier is ornamental, rather than trademark use. *Teal Bay Alls., LLC v. Southbound One, Inc.*, No. MJG-13-2180, 2015 U.S. Dist. LEXIS 10940, at *31-32 (D. Md. Jan. 26, 2015) (citing *In Re LS&S Retail, Inc.*, 2010 TTAB LEXIS 459, 2010 WL 4036046, at *8 (T.T.A.B. Sept. 30, 2010)). Intent that a mark functions as a trademark does not automatically make it so. *Id.* at 32-33.

Plaintiff asserts trademark rights to, *inter alia*, clothing items including, t-shirts, hats, hoodies and sweaters, flags, and accessories. Yet, there are no facts asserting actual trademark use of any of those products in the Complaint. The complaint asserts no sales, advertising, or even a means to purchase these goods, such that no actual use of CART LIFE in connection with clothing is alleged.

Further, there are no assertions that the mark as it is used on these products serves as a source identifier, particularly where the company's name is Low Speed Living and no actual use is asserted. In the case of apparel, certain designs incorporating slogans or would-be trademarks are ornamental. For example, the t-shirts the Plaintiff's members are wearing in the magazine say "CART LIFE" across the top half of the shirt (D.E. 1, ¶21), much like the examples considered in *Teal Bay*. *See e.g. id.* at * 31-33. This is an ornamental use that does not qualify to establish common law trademark rights.

Without factual detail as to the actual use of the mark, the Court cannot determine whether there are common law trademark rights in "CART LIFE" as to any of the apparel and accessory goods asserted. The Complaint fails to plausibly allege ownership in "CART LIFE" at least as to the apparel and accessories categories of goods asserted.

### III. The Allegation of Knowledge, Intentionality, and Willfulness Fails.

The Complaint asserts that Defendants knew "full well" of "Low Speed Living and its prior use" of the marks without any specific allegation as to how Defendants apparently knew of Plaintiff's use of the marks. The Complaint further alleges intent and willfulness without adding any particular facts underlying this assertion. Without a single underlying fact, this pleading is conclusory. This leaves the Defendants forced to guess at the perception of intent and prevents them from responding accordingly.

The assertion of knowledge, willfulness, and intentionality are all baseless and without factual support under a theory which comports with the law. Accordingly, the court should ignore or strike this unsupported assertion.

Further, unfair competition under Florida common law requires a showing of (1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion. *Haneys Cafe, Inc. v. Haney's Smokehouse, Inc.*, No. 2:04-cv-458-FtM-29SPC, 2004 U.S. Dist. LEXIS 24959, at *7 (M.D. Fla. Nov. 2, 2004) (citing *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1252, 1267 (S.D. Fla. 2002)). Because the Complaint fails to allege any fact supporting the conclusions that the Defendants intended infringement, and there is no fact pled whatsoever supporting fraud or deceptive conduct, the Counts for Unfair Competition under Florida common law, counts IX, X, XI and XII, must be dismissed.

## CONCLUSION

Plaintiff failed to plead its rights in the trademark so as to adequately define the bounds of the marks asserted. Plaintiff failed to establish any use of "LOW SPEED LIVING" in any geographical area for any variety of goods, and failed to plausibly allege facts supporting trademark use of "CART LIFE" in connection with apparel and other accessories. The Complaint asserts intent by bare allegation without any facts supporting the asserted knowledge and intent. The lack of clarity as to which marks were infringed, by whom, in what categories, and by what conduct precludes the Defendants from responding coherently. The Complaint's conclusory pleading does not meet the standard required under the Federal Rules of Procedure, and accordingly the Complaint must be dismissed.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, Gulf Coast Custom Carts, Inc and BCPC Holdings, Inc., respectfully request that this Court enter an Order: (i) dismissing Plaintiff's Complaint in its entirety; and (ii) providing for such other and further relief as this Court deems just and proper.

**JIMERSON BIRR, P.A.**

By: __Gustavo Sardiña_____
Gustavo Sardiña
Florida Bar No. 31162
gsardina@jimersonfirm.com
Cassidy Mandelbaum
Florida Bar No. 1069803
cmandelbaum@jimersonfirm.com
701 Riverside Park Place
Jacksonville, FL 32204
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
emmaa@jimersonfirm.com
fileclerk@jimersonfirm.com
*Attorney for Alex Zarzuela*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was electronically filed with the U.S. District Court on this 16th day of February, 2026, via CM/ECF and was served this day on all counsel and all parties entitled to notice on the service list for this action.

/s/ *Gustavo Sardiña*_____
Attorney